**J. Patrick LYONS, Plaintiff–Appellant,**

v.

**Don SUNDQUIST, Governor; Riley C. Darnell, Secretary of State; Brook K. Thompson, Division of Elections Coordinator; Joel D. Whitenton, Elections Attorney, Defendants–Appellees.**

No. 01–6578.

United States Court of Appeals, Sixth Circuit.

Aug. 14, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

*ORDER*

J. Patrick Lyons, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lyons was an independent candidate in the November, 2000, election for United States Representative from Tennessee's Fourth Congressional District. After losing the election to the Republican candidate, Lyons filed suit against Tennessee's Governor Sundquist, Secretary of State Darnell, State Election Coordinator Thompson, and Division of Elections Staff Attorney Whitenton. Lyons, seeking either monetary damages or to be certified the winner, asserted that the defendants violated Art. I, § 6, cl. 2 of the United States Constitution and § 3 of the Fourteenth Amendment, as well as state law, by permitting the Republican and Democratic candidates (Hilleary and Dunaway) to be listed on the ballot even though they were not qualified. Lyons argued that the law required Hilleary to first resign from the Air Force Reserve and for both candidates to resign their positions from being officers of the court as attorneys. The defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6), and Lyons responded by moving for summary judgment. Upon review, the district court concluded that it lacked jurisdiction to consider Lyons's constitutional claims and that Lyons had failed to state a claim under state law. Lyons filed a motion for reconsideration and for Judge Trauger to recuse herself. Following reassignment of the case, Judge Haynes adopted the district court's previous conclusion and denied the motion for reconsideration.

Lyons has filed a timely appeal, essentially reasserting his claims and again arguing that Judge Trauger was biased against him. Lyons requests oral argument and moves for miscellaneous relief.

Upon de novo review, we conclude that the district court's judgment must be affirmed. *See Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir. 1990). Article I, § 6, cl. 2 provides that "no Person holding any Office under the United States, shall be a Member of either House during his Continuance in Office." Section 3 of the Fourteenth Amendment disqualifies any person who, having previously taken an oath as (among other things) a state judicial officer, shall have engaged in insurrection or rebellion against the United States. Both of these provisions, we believe, specify "qualifications" within the meaning of that term as used in the first sentence of Art. I, § 5 of the Constitution ("Each House shall be the

Judge of the ... Qualifications of its own Members...."). *See also Powell v. McCormack*, 395 U.S. 486, 520 n. 41, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) (noting the existence of scholarly opinion supporting the proposition that the provisions at issue establish "qualifications," while not deciding the question). Lyons, we observe, does not argue that the requirements of Art. I, § 6, cl. 2 and § 3 are not "qualifications."

To the extent that Lyons is challenging the qualifications of the individual who was seated as the Representative from the Fourth Congressional District of Tennessee, it is clear that Lyons has chosen the wrong forum. Federal courts may not award relief in this situation, and Lyons's federal claim thus presents no "case or controversy" justiciable in the federal courts under Art. III of the Constitution. *See McIntyre v. Fallahay*, 766 F.2d 1078, 1081 (7th Cir.1985). As Judge Scalia observed under comparable circumstances in *Morgan v. United States*, 801 F.2d 445, 447 (D.C.Cir.1986), "we simply lack jurisdiction to proceed."

Lyons's state law claim requires an interpretation of law, which is the court's traditional role. *See Powell*, 395 U.S. at 548, 89 S.Ct. 1944. Upon review, we conclude that Lyons failed to state a claim under Tenn.Code Ann. § 8–18–101(5) because it sets forth qualifications for state office, rather than Congressional office.

Finally, we decline to address Lyons's argument that Judge Trauger was biased against him because Judge Trauger in fact recused herself and another judge was appointed.

Accordingly, and because we find no merit in any of Lyons's remaining arguments, Lyons's request for oral argument is denied, all pending motions are denied, and the district court's judgment is af-

firmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.